

ness, appellants concede that there are no authorities either for or against the contention. Appellants say the decision thereon should be one of policy, and argue that the following points disclose why the contention should be sustained: A bankrupt may use the period of contest within which to direct the claims of many creditors into channels which will be favorable to it when adjudication is had; while petitioning creditors are bearing the burden of the proceedings against the bankrupt for the benefit of all creditors, excellent opportunity is afforded to the bankrupt to control the election of a trustee, who, although apparently neutral, is in fact partial to the bankrupt, consciously or unconsciously.

We do not believe that such argument is sufficient. The same things could be true of the time between the entry of the order of adjudication, and the appointment of a trustee, yet the reasons given would not be sufficient to deprive the creditors of their right to vote. While the statute specifies the outer limit of time within which a claim must be filed (11 U.S.C.A. § 93, sub. n), it does not specify the earliest time when a claim can be filed, unless it be 11 U.S.C.A. § 93, sub. c, which provides: "Proofs of claim may, for the purpose of allowance, be filed by the claimants in the court of bankruptcy where the proceedings are pending or before the referee if the case has been referred". While this statute undoubtedly refers to "place" rather than "time", we think it is an indication that a claim may be filed whenever the proceedings are pending but within the statutory limitation above indicated. Such was the case here.

Affirmed.

Alfred A. May, of Detroit, Mich., for appellant.

John C. Lehr, U. S. Atty., of Detroit, Mich., for appellee.

Before SIMONS, MARTIN, and McALLISTER, Circuit Judges.

PER CURIAM.

No brief having been filed by the appellant in the above-entitled cause, and counsel not appearing on the date set for argument therein, the conclusion is inescapable that the appeal has been abandoned; wherefore, it is ordered that the appeal be and it is hereby dismissed.

## BURTON et al. v. ZIMMERMAN.
### No. 4946.

Circuit Court of Appeals, Fourth Circuit.

Nov. 9, 1942.

## SWITZER v. UNITED STATES.
### No. 9044.

Circuit Court of Appeals, Sixth Circuit.

Oct. 19, 1942.