Cherry T. **DEDDENS**,
Appellant/Cross-Appellee,

v.

**GREAT SOUTHERN NATIONAL BANK**, Appellee/Cross-Appellant.

Civ. A. No. J87–0035(B).

United States District Court,
S.D. Mississippi,
Jackson Division.

May 15, 1987.

J. Walter Newman, IV, Jackson, Miss., for appellant/cross-appellee.

Frank Youngblood, Jackson, Miss., trustee.

Robert S. Murphree, Jackson, Miss., for appellee/cross-appellant.

## MEMORANDUM OPINION AND ORDER

BARBOUR, District Judge.

This matter is presently before the Court on appeal from a decision of the United

States Bankruptcy Court for the Southern District of Mississippi in Adversary Proceeding No. 850066JC. That adversary proceeding was filed by the appellant Cherry T. Deddens, then a debtor in a Chapter 11 proceeding pending in that Bankruptcy Court. During the time the appeal has been before this Court the debtor's Chapter 11 cause has been converted to a Chapter 7 proceeding.

This adversary proceeding was commenced when suit was filed by Cherry Deddens requesting the bankruptcy court to invalidate two deeds of trust held by the Great Southern National Bank on a house and lot owned by the debtor. In addition, the debtor made certain other claims concerning the action of the Bank in regard to the loans secured by these deeds of trust. The bankruptcy court ruled in favor of the Bank on the main issue but in favor of the Debtor on others.

The debtor filed a direct appeal, but it was dismissed by agreed order on February 27, 1987. The Bank filed a cross-appeal directed at certain of the findings made by the lower court and the Court now finds that the cross-appeal of the Bank is well taken. This decision is in part based on substantive reasons, and in part on procedural grounds. Substantively, this Court finds that the cross-appeal is well taken for the reasons outlined herein.

The main issue raised on cross-appeal is the lower court's ruling that certain of the Bank's loans exceeded the allowable interest rate. In regard to this usury issue, the lower court has held that a note executed by a Mississippi corporation, Pizza, Inc., to the Bank in February, 1984, bearing an interest rate of 14% was usurious. The bankruptcy court based its conclusion upon its interpretation of *Miss. Code Ann.* § 75–17–1(3) (Supp.1984).[1] The lower court interpreted that statute to cap the maximum interest rate that could be charged a corporation in February, 1984, at a level not to exceed the Federal Reserve Board's discount rate plus 5%. There is no dispute that the sum of the applicable discount rate plus 5% in February, 1984, was less than 14%. Thus under its reading of the statute the bankruptcy court ruled the note in issue to be usurious.

After considering the language of the statute the Court is persuaded that the lower court was in error on this point and the ruling is therefore reversed. The Court relies upon the language of the statute itself to reach this conclusion. The applicable portion of the statute reads as follows:

> *Notwithstanding* the foregoing and *any other provision of law to the contrary,* any ... domestic corporation ... may contract for and agree to pay a finance charge which will result in a yield not to exceed fifteen per-cent (15%) per annum.

*Miss. Code Ann.* § 75–17–1(3) (emphasis added). This same statute directs the Commissioner of Banking and Finance of the State of Mississippi to compile a list of the maximum interest rate chargeable during the relevant time periods, and allows banking institutions to rely upon this list in setting interest rates on loans.

The Court feels the basic language of the statute accurately sets the guidelines for loans to corporations. As the statute reads, "notwithstanding any other provision of law to the contrary," during February, 1984, a corporation could pay up to 15% per year in interest charges. The loan addressed by this appeal was 14% and therefore within the maximum guidelines of the law. The Court's interpretation is in line with that made by the Commissioner of Banking and Finance, as the affidavits on file in the record clearly demonstrate. Throughout this time period the Commissioner's interpretation of this statute, an interpretation upon which the Banks were statutorily entitled to rely, was that the law allowed a corporation to pay an interest rate up to 15%.

---

1. The Court notes that Section 75–17–1(3) was amended in 1986 to provide that a corporation may agree to pay a finance charge "which will result in a yield *not to exceed the greater of* fifteen percent (15%) per annum or five percent (5%) per annum above the discount rate." *Miss. Code Ann.* § 75–17–1(3) (Supp.1986) (emphasis added). The loans in question were made in 1984, and, therefore, the statute as it read in 1984 is to be applied.

Insofar as the other issues raised by the cross-appeal are concerned, the failure of the cross-appellant to file any brief or oppose the cross-appeal in any manner is tantamount to a confession of error. Rule 31(c), Federal Rules of Appellate Procedure; Moore's Federal Practice, Section 231.02(3); *see, e.g., Kimbrough v. Beto,* 412 F.2d 981 (5th Cir.1969); *Switzer v. United States,* 131 F.2d 377 (6th Cir.1942). Given this well-settled rule, the Court is not inclined to prosecute the cross-appeal for the debtor.

In summary, the other assignments of errors raised by the cross-appellant are well taken and insofar as any opinion of the lower court is inconsistent with the issues raised by the cross-appeal, the same must be reversed.

Accordingly, the cross-appeal is well taken and the cause is hereby remanded to the lower court for such action consistent with this Court's Memorandum Opinion and Order.